UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,

    -against-

DIMITRY ARONSHTEIN,

                                Defendant.

------------------------------------x

ORDER

11 Crim. 121-2 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 10 2020

GEORGE B. DANIELS, United States District Judge:

Defendant Dimitry Aronshtein moves for reconsideration of this Court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Letter dated June 10, 2020, ECF No. 565.) The Government opposes that motion. (Letter dated July 7, 2020, ECF No. 566.)

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

Defendant raises no new evidence or change of controlling law. Instead, Defendant argues that this Court did not give sufficient consideration to Defendant's medical conditions and is critical of this Court's evaluation of the 3553(a) sentencing factors.[1] Defendant merely takes issue with this Court's conclusions. However, due consideration was given to Defendant's medical conditions, his allegations regarding the living conditions at FCI Fort Dix, and the 3553(a) sentencing factors, all in the context of the COVID-19 pandemic. It is Defendant's burden to demonstrate that extraordinary and compelling reasons exist warranting release. He has not done so. A motion for reconsideration is "not a vehicle for relitigating old issues" or "securing a rehearing on the merits." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Defendant's motion for reconsideration is DENIED.

Dated: August 10, 2020
      New York, New York

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

---

[1] Defendant also takes issue with this Court's decision to sentence Defendant to the same sentence as his co-defendants and raises legal arguments regarding a "merger" issue that were already considered and addressed in this Court's previous decision on Defendant's motion to vacate or set aside his conviction and sentence. (*See* Mem. Decision and Order, ECF No. 540, at 16–19.)