**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ x
DIMITRY ARONSHTEIN,

                          Petitioner,

      -against-

UNITED STATES OF AMERICA,

                         Respondent.
------------------------------------ x

MEMORANDUM DECISION AND ORDER

18 Civ. 1164 (GBD)
11 Crim. 121 (GBD)

GEORGE B. DANIELS, United States District Judge:

Petitioner Dimitry Aronshtein was convicted after a jury trial of conspiracy to commit bribery, bribery, conspiracy to violate the Travel Act, and money laundering conspiracy. (*See* Pet., ECF No. 1, at 1; Mem. Decision and Order, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. Apr. 17, 2014), ECF No. 352, at 1.) He was sentenced to five years' imprisonment on the bribery conspiracy charge, ten years' imprisonment on the bribery charge, five years' imprisonment on the Travel Act conspiracy charge, and twenty years' imprisonment on the money laundering conspiracy charge, to run concurrently. (*See* Judgment, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. Apr. 29, 2014), ECF No. 364, at 3.) Petitioner's conviction and sentence were affirmed on direct appeal to the Second Circuit. *See United States v. Mazer*, 631 F. App'x 57 (2d Cir. 2015).

Subsequently, Petitioner moved to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of trial and appellate counsel. This Court denied Petitioner's motion on April 22, 2019. (Mem. Decision and Order ("Decision"), ECF No. 21). He then moved for reconsideration of this Court's decision as to one alleged example of ineffective assistance: trial and appellate counsel's failure to argue the merger of his money

laundering conspiracy conviction with his Travel Act conspiracy and bribery convictions.[1] (*See* Mot. for Recons., ECF No. 22; Mot. For Recons., *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. April 30, 2019), ECF No. 541.)

On April 21, 2020, Petitioner filed a letter motion requesting that this Court grant his ineffective assistance of counsel claim as to the alleged merger issue or, in the alternative, grant him compassionate release, in light of the COVID-19 pandemic, Petitioner's particular medical conditions, and the conditions at the facility where he is being held. (Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. April 21, 2020), ECF No. 547.) Petitioner asked this Court to "order the government to immediately obtain and provide [Petitioner's] medical records" in support of his request for compassionate release. (*Id.* at 9.) Petitioner stated that "[t]hose records will show the basis to grant compassionate release, which would obviate the 2255 [motion]." (*Id.* at 6; *see also id.* at 9 ("[The Court] should then grant compassionate release if [the medical records] show, as we report, Dimitry's compromised condition. Again, this would obviate the 2255 [motion] now pending.").) Petitioner subsequently received the relevant medical records and supplemented his application for compassionate release. (Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. April 22, 2020), ECF No. 548; Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. April 28, 2020), ECF No. 552; Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. May 7, 2020), ECF No. 556.) On June 1, 2020, this Court denied Petitioner's request for compassionate release, noting that Petitioner's medical evaluation for coronary disease was ongoing. (Mem. Decision and Order, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. June 1, 2020), ECF No. 564.) Petitioner then moved for reconsideration of this Court's decision to deny

---

[1] The relevant factual background underlying Petitioner's convictions is set forth in greater detail in this Court's April 22, 2019 decision. (Decision at 1–4.) Such background is incorporated by reference herein.

compassionate release, which was also denied. (Order, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. August 10, 2020), ECF No. 567.)

In August and October 2020, as a result of this Court's denial of compassionate release, Petitioner wrote to this Court and requested that it grant his pending motion for reconsideration of this Court's denial of his ineffective assistance claims. (Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. August 11, 2020), ECF No. 568; Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. October 6, 2020), ECF No. 569.) However, on December 1, 2020, Petitioner renewed his motion for compassionate release. (Notice of Mot. for a Sentence Reduction, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. December 1, 2020), ECF No. 571.) In his motion, Petitioner noted that his medical evaluation, specifically a CT Coronary Angiogram, had yet to be completed. On December 16, 2020, this Court directed the Bureau of Prisons (BOP) to schedule an angiogram for Petitioner within thirty days and denied Petitioner's renewed motion for compassionate release, "without prejudice to renew such a motion upon receipt and review of the results of the ordered angiogram." (Order, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. December 16, 2020), ECF No. 576.)

On January 15, 2021, Petitioner informed this Court that he had not received any update from the BOP regarding his angiogram. He requested that this Court order the BOP to have the angiogram conducted within fourteen days or "show cause why the BOP violated the December 16 order." (Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. January 15, 2021), ECF No. 577.) On the same day, the Government confirmed that the BOP had submitted a request for the procedure and indicated that it "would work expeditiously to arrange for the [Petitioner] to be seen by the appropriate specialist." (Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. January 15, 2021), ECF No. 578.) The procedure will need to be conducted by a non-BOP doctor.

(Letter, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. January 20, 2021), ECF No. 580.) Consequently, the Government explained, the BOP "cannot unilaterally mandate that the procedure be done by a particular date." (*Id.*) The Government has indicated that it will "continue coordinating with the BOP to ensure that the test is completed as soon as possible," "will immediately update the Court and defense counsel as soon as the procedure is scheduled, and will provide a status update to the Court no later than" February 20, 2021.[2] (*Id.*)

## I. LEGAL STANDARDS

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

---

[2] There continue to be ongoing efforts to obtain the relevant medical tests to provide a complete picture of Petitioner's health conditions. However, Petitioner seems to have abandoned his position that a favorable decision on compassionate release would obviate his motion for reconsideration of the denial of his § 2255 motion. He now takes the position that his motion for reconsideration of his § 2255 motion has been neglected and unreasonably delayed.

As detailed in this Court's decision denying § 2255 relief, claims of ineffective assistance of trial and appellate counsel are governed by a two-pronged standard that requires a petitioner to: "(1) show that counsel's representation 'fell below an objective standard of reasonableness,' and (2) 'affirmatively prove prejudice' by showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Thomas*, 608 F. App'x 36, 38 (2d Cir. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693–94 (1984)); *see also Weingarten v. United States*, 865 F.3d 48, 53 n.4 (2d Cir. 2017) ("Although the *Strickland* standard was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate counsel.") (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). This standard is not easily met. Indeed, there is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" which may be "overcome . . . only by showing that . . . counsel's acts or omissions cannot be 'considered sound trial strategy.'" *Harrison v. Cunningham*, 512 F. App'x 40, 42 (2d Cir. 2013) (quoting *Strickland*, 466 U.S. at 689).

## II.   PETITIONER'S MOTION FOR RECONSIDERATION OF HIS § 2255 MOTION IS HEREBY DENIED

In his initial motion, Petitioner argued that the money laundering conspiracy merged with the Travel Act conspiracy and bribery. He claimed that his trial and appellate counsel were ineffective for failing to argue that they were duplicative. (*See* Decision at 16.) In rejecting Petitioner's argument, this Court noted that Petitioner had not cited any Second Circuit case law in support of the notion that a merger issue arises when convicted of money laundering conspiracy, bribery, and Travel Act conspiracy. (*See id.* at 17.) In any event, this Court found that Petitioner's conviction for conspiracy to commit money laundering "was not tied to any specific payment" and evidence introduced at trial established payments that were independently sufficient to convict him

5

of money laundering conspiracy aside from those charged as bribes or kickbacks. (*See id.* at 18–19.) In particular, Petitioner concealed the source of profits from the scheme that he retained for himself. (*See id.*) Accordingly, this Court held that Petitioner could not show that his trial or appellate counsel were ineffective, because he had "not shown a reasonable probability that raising an argument as to the merger problem . . . would have changed the result of his trial or appeal." (*Id.* at 19.)

Petitioner's motion for reconsideration takes issue with this Court's analysis in several respects, all of which are unavailing or arguments recycled from his initial motion. First, he contends that this Court inappropriately relied on transactions not charged in the indictment as part of the conspiracy to commit money laundering to salvage his conviction as to that count. (Mot. for Recons. at 1–2.) However, this Court already determined that Petitioner's money laundering conspiracy conviction was not tied to any specific payment. The Second Circuit "has afforded the prosecution 'significant flexibility' to prove the conspiracy's operation through both unalleged and alleged overt acts," so long as the "defendant is 'given notice of the core of criminality to be proven at trial.'" *United States v. Salmonese*, 352 F.3d 608, 619 (2d Cir. 2003) (quoting *United States v. Frank*, 156 F.3d 332, 338 (2d Cir. 1998)). Here, the indictment notified Petitioner that the financial transactions at the heart of the money laundering conspiracy "involved the proceeds of specified unlawful activity, to wit, the wire fraud, conspiracy, bribery and Travel Act violations." (Superseding Indictment, *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. June 17, 2011), ECF No. 77, at 39.)

Petitioner also contends that the transactions at issue do not qualify as financial transactions based on the bare assertion that they were transfers through a payroll services provider that "did not affect commerce and did not involve a financial institution." (Mot. for Recons. at 6.)

Petitioner's unsupported allegation is plainly insufficient. He further maintains that these transactions were not intended to conceal his profits. (*Id.* at 7–8.) Petitioner, however, presents no matter that this Court overlooked. This Court already determined that evidence introduced at trial established that Petitioner concealed the source of his profits. Specifically, Petitioner used a series of false names to pay himself through payroll transactions. (Decision at 18.) It was entirely reasonable for the jury to infer from this evidence that Petitioner agreed to, and his actions were intended to, conceal the source of his profits.

Finally, Petitioner argues that this Court should reconsider its holding regarding defense counsel's decision to not call an accounting expert, especially as it relates to the money laundering conspiracy. (Mot. for Recons. at 9–11.) Petitioner's objections amount to nothing more than a disagreement with this Court's prior analysis and are not appropriate grounds for reconsideration. As previously determined, Petitioner has failed to demonstrate ineffective assistance of counsel on the part of either trial or appellate counsel.

## III. CONCLUSION

Petitioner's motion for reconsideration of this Court's denial of his § 2255 motion, (ECF No. 22; *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. April 30, 2019), ECF No. 541), is DENIED. The Clerk of Court is directed to close the motion accordingly, along with the letter motion at ECF No. 547 in *United States v. Mazer*, 11 Cr. 121 (GBD) (S.D.N.Y. April 21, 2020).

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

Dated: New York, New York
      February 16, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge